UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARLENE RIZK and GEORGE RIZK, JR. | CIVIL ACTION |
| VERSUS | NO. 11-2272 |
| DEPUY ORTHOPAEDICS, INC., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants DePuy Orthopaedics, Inc.'s and Johnson & Johnson's motion to stay all proceedings pending transfer to MDL No. 2197 – *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*; and (2) the plaintiffs' motion to remand. For the following reasons, the defendants' motion to stay pending transfer to MDL No. 2197 is GRANTED.

Background

On August 26, 2010 DePuy initiated a voluntary recall of its ASR Hip Systems product. Numerous lawsuits followed. On August 31, 2010 the plaintiff in <u>Brigham v. DePuy Orthopaedics, Inc., et al.</u> (N.D. Cal.), Case No. 3:10-cv-3886-EMC requested that an MDL be created, a request the defendants did not oppose. On December 3, 2010, the United States Judicial Panel on Multidistrict Litigation entered a transfer order pursuant to 28 U.S.C. § 1407, assigning MDL No. 2197: <u>In re DePuy Orthopaedics, Inc., ASR Hip Implant Products liability Litigation</u> to the Honorable David A. Katz, United States District Judge for the Northern District of Ohio. More than 2100 actions have now been transferred to or filed in the

1

MDL court.

One of these hip prostheses, which was manufactured by DePuy and distributed by Mark Starring and Associates, was implanted in Marlene Rizk's left hip in May 2007. On August 16, 2011 Marlene Rizk and her husband sued DePuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., Mark Starring and Associates, and Ochsner Baptist Medical Center, LLC in state court. On September 9, 2011 DePuy and Johnson & Johnson removed the suit to this Court, invoking this Court's diversity jurisdiction and contending that Ochsner Baptist and Mark Starring and Associates, local defendants, were improperly joined to defeat diversity jurisdiction.[1] The defendants DePuy and Johnson & Johnson now request that the Court stay all proceedings pending transfer to MDL No. 2197.[2]

I.

A.

The defendants submit that they intend to seek transfer of this lawsuit to the MDL proceeding because this lawsuit concerns the same factual inquiries that will be litigated in the ASR Hip Systems product liability cases generally. They expect that a conditional transfer order will be issued shortly after they notify

---

[1] It appears from the record that Ochsner Baptist has not been served with the plaintiffs' lawsuit and, accordingly, has not appeared.

[2] The plaintiffs have filed a motion to remand, which is noticed for submission at a later date.

the Judicial Panel on Multidistrict Litigation pursuant to the tag-along procedure contained in the JPML Rules. To date, they point out, 116 federal district courts across the country handling these cases have granted motions to stay all proceedings. A stay, the defendants suggest, will serve the interest of judicial economy and fairness to the parties, and will avoid wasting the Court's resources while the case awaits transfer.

The plaintiffs counter that the defendants' removal of this case to this Court "is simply a ploy to have this legitimate state court case, and many others, transferred to an MDL...." Accordingly, the plaintiffs contend that the Court should deny the defendants' request to stay because the case was improperly removed from state court.

*B.*

The defendants seek to invoke this Court's inherent power to stay, which as the Supreme Court has observed is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). When determining whether to exercise its discretion to stay proceedings, the Court "must weigh competing interests and maintain an even balance." Id. Relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party

if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)(citation omitted).  As another Section of this Court has aptly summarized the Court's inherent power to stay cases in the MDL context:

> The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion.  It is advisable, however, for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court.  See Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000)("[I]t may be advisable to defer certain matters until the panel has the opportunity to rule on transfer.").  Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system.  See 28 U.S.C. § 1407.

Scott v. Bayer Corp., No. 03-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004)(Fallon, J.)(granting defendant's motion for stay pending transfer ruling, and finding that the plaintiff would not be unduly prejudiced if the case was stayed, even though a motion to remand was pending).

## II.

The Court finds that a temporary stay pending a decision on the transfer of this case to the MDL court is appropriate.  The plaintiffs will not be unduly prejudiced if proceedings, including

4

a hearing on their motion to remand, are stayed pending a decision by the MDL panel as to the transferability of the case.[3]  Moreover, the defendants face the burden of litigating numerous cases in multiple jurisdictions.  Furthermore, a stay is advisable for the additional reason that the interests of judicial economy will be served by a temporary stay, and the risk of inconsistent rulings in related cases (including on the issue of the appropriateness of remand) will be minimized.  Indeed, as the MDL Panel has observed, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" because such motions "can be presented to and decided by the transferee judge."  In re Vioxx Products Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).  Other Sections of this Court have concluded -- when faced with a potential transfer to MDL No. 2197: In re DePuy Orthopaedics, Inc., ASR Hip Implant Products liability Litigation -- that a stay is appropriate, notwithstanding pending motions to remand.  See Teresa Laman v. DePuy Orthopaedics, Inc., No. 10-4658 (E.D. La. Jan. 31, 2011), Rec. Doc. 32 (Africk, J.)(granting the defendants' motion to stay and deferring ruling on the plaintiff's motion to remand); Lyndon Butler v. DePuy Orthopaedics, Inc., No. 10-4637 (E.D. La. Jan. 31, 2011), Rec. Doc.

---

[3]The defendants submit that DePuy has implemented a process to assist patients without health care coverage to determine the options available to them and through which they can obtain reimbursement of their eligible recall-related out-of-pocket expenses.

21 (Engelhardt, J.)(same).

Accordingly, the defendants' motion to stay proceedings pending transfer to MDL No. 2197 is GRANTED. This matter is stayed and administratively closed pending the MDL Panel's determination regarding transfer.

New Orleans, Louisiana, October 19, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE